LIZZIE EGERTER, ADMINISTRATRIX, v. CENTRAL RAIL-
ROAD COMPANY OF NEW JERSEY.

Submitted December 23, 1909—Decided September 1, 1910.

1. The duty of the foreman of a crew engaged in repairing a railroad track to give timely warning to the members of the crew of the approach of trains is a duty imposed ˙upon him as the representative of the master, and the master is answerable for the consequences of his negligence in that regard.

2. A member of a track repair crew whose foreman is required to give him timely notice of the approach of trains cannot be said, as a matter of law, to be negligent in relying altogether upon receiving warning from the foreman, and not making personal observation for his own protection.

---

On error.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and VOORHEES.

For the plaintiff in error, *George H. Large* and *George Holmes.*

For the defendant in error, *William C. Gebhardt.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought to recover the pecuniary loss sustained by the widow of one Oliver Egerter, by his death, which resulted, as was alleged by the plaintiff, from the negligence of the defendant company, his employer, in failing to use proper precautions for his safety while engaged in its work. The trial resulted in a verdict for the plaintiff, and judgment was entered thereon.

At the time of his death Egerter was at work, with other employes of the defendant company, in repairing track at a point where it passed through a "cut" upon a curve. While so engaged he was run down and killed by an engine of the defendant which was being used by its officers for inspection purposes. It was the duty of the foreman of the track repair gang to give the members thereof timely notice of the approach of a train, or engine, so that they might step off the track before it reached them. The foreman gave this warning as soon as he saw the engine coming around the curve; but at that time it was so close upon the repair gang that, although the other members escaped, Egerter failed to get off the track in time to avoid being run down. As the engine approached the "cut," and while yet at some distance from it, its whistle was blown and its bell rung, the latter being continued up to the time of the happening of the accident. All these facts were proved on the part of the plaintiff, no testimony having been offered by the defendant. At the close of the case, there was a motion for a nonsuit, and afterward, for the direction of a verdict for the defendant. Both of these motions were rested upon the ground—first, that the proofs failed to disclose any negligence chargeable to the defendant, and second, that they showed contributory negligence on the part of the decedent. The motions were, each of them, refused by the trial court, and that refusal is now assigned for error.

In our judgment the trial court properly declined to take the case from the jury. The duty of the foreman to give the track gang timely warning of the approach of the engine was one which was imposed upon him as the representative of the master. His failure to perform that duty, if there was failure,

is chargeable to the defendant, and it is answerable for the consequences thereof. The place in which the decedent and his fellow-workmen were engaged at their work was more than usually dangerous because of the conformation of the company's right of way at that point, making it difficult, if not impossible, to see an approaching engine until it had come within the danger zone. The foreman did not give warning until the engine was visible to him. It is fair to presume that, had he listened for it, he might have heard its whistle blown, or its ·bell rung, soon enough to have warned his track gang to leave the track in ample time to have reached a place of safety, for the evidence shows that at least one member of the gang heard both the whistle and the bell a considerable time before the engine came into the "cut." It cannot be said as a matter of law, therefore, that the foreman used that vigilance for the protection of his men which his duty required of him. Whether he did or not was for the jury to determine.

It is argued that the deceased had the same opportunity for observing the approach of the engine as did his foreman, and that if the facts disclose negligence on the part of the latter, they also show contributory negligence on the part of the former. But this argument rests upon an unsound basis, for the duties of the two, with relation to observation of approaching danger, were radically different. The foreman was required to be alert to discover it in time to give to those working under him ample warning of it. The decedent was justified in attending to his work without permitting his mind to be diverted from it by the consideration of approaching danger until he was notified thereof by his foreman. It cannot be said, as a matter of law, that he was bound to look or listen for trains, or pay attention to whistles or bells which might or might not signify danger to him. The most that can be said in favor of the defendant's contention is that the negligence of the deceased was a question for the jury.

It is further insisted on behalf of the defendant that the deceased was negligent because he failed to leave the track with the same degree of promptness, after receiving the foreman's warning, that characterized the action of his fellow-

workmen. Just how soon a man's mind and muscles act after receiving such a warning must depend very largely upon the individual. It is hardly conceivable that all of the members of a gang of men so employed would act simultaneously, and it cannot be said, as a matter of law, that the one who is last to act is, necessarily, guilty of negligence. This question was also one for the jury.

The judgment under review will be affirmed.